IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRANCINET "CRUZY" CRUZ,

        Defendant.

_____/

Case No. 1:12-CR-132

Hon. Robert Holmes Bell
U.S. District Court Judge

## DEFENDANT'S MOTION FOR REVIEW OF ORDER OF DETENTION PENDING TRIAL AND REQUEST FOR RELEASE ON BOND AND BRIEF IN SUPPORT

Now comes Mr. Francinet Cruz, by and through his attorney, Richard D. Stroba, Assistant Federal Public Defender, to ask this Honorable Court to review the order for detention. In support of this motion, Mr. Cruz states as follows.

### Background

On April 20, 2012, this Honorable Court entered an Order of Detention Pending Trial (Doc. #10) after a hearing on the issue of bond. This order held the defendant in custody pending grand jury action in this matter. A grand jury indicted Mr. Cruz on May 18, 2012, charging him with one count of being a felon in possession of a firearm. An arraignment and the initial pretrial conference is scheduled for June 5, 2012, at 10:30 am. Mr. Cruz hereby requests that the Court review its release decision and admit the defendant to bond pending trial in this cause.

1

**Legal Discussion**

Pretrial detention is governed by 18 U.S.C. § 3142. In its order denying release to the defendant, the Court states its findings in its order. Among those findings was the following:

(1) Alternate Findings (B)(2)
 There is a serious risk that the defendant will endanger the safety of another person in the community.

The Court noted, in particular, in its written statement of reasons for detention, that the defendant 'has a history of assaultive behavior as a member of a street gang' and that there was a 'history of violating parole' and continuing 'his close ties to his street gang life'.

The Court placed great weight on several factors as noted above. However to a significant intent, those factors are counter-balanced by the significant family support the defendant enjoys, the availability of 'close quarter monitoring' by tether and/or GPS systems and the actual circumstances of the alleged crime in this case. Initially, two significant changes in circumstances have occurred since the Court's initial order that may cause this Court to review its prior decision on detention. The return of an indictment charging the defendant with a single count of violating 18 U.S.C. § 922(g) and not some enhanced crime, such as the existence of a record implicating the Armed Career Criminal Statute, and not multiple counts alleging any crime of violence. (Significantly absent from the Indictment is any allegations of the active use of the weapon or any crime of violence related to its possession.) Additionally, the Office of the Federal Defender has obtained and herewith supplies to the Court attached to this pleading, a copy of the defendant's Texas parole papers. (See Attachment 1: Texas Parole Documents.) Those papers show that the defendant was

paroled May 15, 2009. The parole expired by its own terms April 17, 2012. (Also attached hereto is a memorandum of a conversation with the Texas authorities, had by a paralegal in the Office of the Federal Defender, confirming that the defendant's Texas parole did end April 17, 2012, in case there was any question about that issue. (See Attachment 2: Memorandum.)

Section 3142(g) calls on courts to consider the nature and circumstances of the alleged offense, the weight of the evidence against the accused, the history and characteristics of the accused, and the nature and seriousness of any danger posed to the community. 18 U.S.C. § 3142(g). These factors weigh in favor of releasing Mr. Cruz on some sort of bond. Mr. Cruz is a resident of Holland, Michigan, in the Western District of Michigan. He enjoys family and community support. This support is evidenced by the letters from family and friends that are attached hereto. (See Attachment 3: Letters of Support.) He wants to maintain his relationship with his family and children and in order to do this he needs to be out of the Newaygo County Jail. He enjoys his family's support at this time. Given Mr. Cruz's circumstances, there are conditions of release that would assure the safety of the community and Mr. Cruz's appearance at all future proceedings. *See* 18 U.S.C. § 3142(c)(1)(B).

Even the underlying facts of the case support a finding that the defendant is not the danger to the community that compels detention. The defendant was seen engaging in a conversation. He left that conversation and drove away. A traffic stop was conducted and the defendant was 'safely removed' from his vehicle. The defendant gave the officers no

trouble during the arrest or search and seizure. In other words, the defendant engaged in no violent or aggressive behavior.

Furthermore, the defendant paroled in May of 2009. There is no indication that during the intervening three year period until April 16, 2012, the defendant engaged in gang related activities or took part in any gang functions. (It is true that while childhood and teenage friends of the defendant were, and may still be, gang members, there is no indication that the defendant has recently engaged in any gang activity.) Indeed an inspection of the defendant's arms show that he has been attempting to erase the tattoos that he got when he was a younger man and when he was less reflective than the mature father of four that he now is. The defendant may have a past, but that does not mean that past is either his present or his future. By seeking to have these tattoos erased, the defendant has demonstrated an attempt to break with his past.

The Constitution requires that a reasonable bail be set. The statute affirms the belief that release, with or without appropriate conditions, pending trial should be given. No presumption in favor of detention applies to this case. Therefore, release on bond pending trial should be granted. The defendant asks the Court to review and amend its previous order in this matter. (An amended order might well include as reasonable conditions: tether and/or GPS monitoring, substance use restrictions along with testing, no use of alcohol, no weapons, curfew, area restrictions, and no association with known gang members, and/or reporting weekly to pretrial services.)

## Conclusion

For these reasons, Mr. Cruz moves this Honorable Court to review the previously entered order detaining Mr. Cruz in jail pending trial and thereafter, place Mr. Cruz on pretrial release with such terms and conditions as the Court may deem necessary to ensure his appearance at future proceedings and to provide for the safety of the community.

Respectfully submitted,

RAY KENT
Federal Public Defender

Dated: June 1, 2012                    /s/ Richard D. Stroba
                                       RICHARD D. STROBA
                                       Assistant Federal Public Defender
                                       50 Louis NW, Suite 300
                                       Grand Rapids, MI 49503
                                       (616) 742-7420